UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 16-00251-1 WHA |
| v. | |
| LAMAR JOHNSON, | **ORDER RE RENEWED MOTION FOR COMPASSIONATE RELEASE** |
| Defendant. | |

This is a renewed motion for compassionate release following Lamar Johnson's first motion in the summer of 2020. Mr. Johnson filed the instant motion in January 2021 and had not yet exhausted his administrative relief for this motion. After a continuance, he now has exhausted his administrative remedies (Dkt. No. 142 Exh. A).

This order follows full briefing and several hearings. To the following extent, the motion is **GRANTED**.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court may modify a term of imprisonment:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

Defendant (through counsel) mailed a request for compassionate release to the Bureau of Prisons warden in April 2020. A response indicated that the BOP would not move for release on Mr. Johnson's behalf. Thus, the undersigned has the authority to rule on the underlying motion.

In determining whether to modify a term of imprisonment, courts must find that "extraordinary and compelling reasons warrant such a reduction," "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Ibid*. Our court of appeals recently found, however, that there is no currently-applicable policy statement issued by the Sentencing Commission. *See USA v. Aruda,* No. 20-10245, D.C. No. 1:14-cr-00577 (April 8, 2021).

Following a bench trial in 2017, Mr. Johnson received a 94-month sentence for possession of drugs and firearms offenses. He committed serious crimes. For example, when officers arrested him, he was wearing a bulletproof vest, with a handgun and various illegal drugs in his car.

His projected release date is now April 25, 2023. The defense calculates that Mr. Johnson has served approximately 55 months. This amounts to a little less than 70% of 82 months, which is his total sentence adjusted for good time credits. He remains housed at FCI Terminal Island.

Mr. Johnson has neither received a COVID-19 vaccine nor had COVID-19. The government has learned that the Bureau of Prisons cannot now guarantee when Mr. Johnson will be offered a vaccine. Mr. Johnson is 46 years old, with asthma and obesity. The government admits that he weighed 220 pounds on December 29, 2020, which means his most recent body mass index was 31.57 (Opp. at 3). Under the CDC's most recent guidance, a BMI of 30 or higher presents an "increase risk of severe illness from the virus that causes COVID-19." *See* Centers for Disease Control and Prevention, People with Certain Medical Conditions (Mar. 15, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Therefore, he remains vulnerable to COVID-19. Mr. Johnson has committed to getting the vaccine immediately upon release.

Other changed conditions also support granting Mr. Johnson's renewed motion: *first,* two of his prior felonies have been reduced to misdemeanors, reducing what would now be his guidelines range; *second*, he has served "hard time" by reason of the COVID-19 pandemic;

2

and *third*, he has used his in-custody time productively and has a support plan in place for release.

Specifically, Mr. Johnson's criminal history score was twelve at the time of sentencing (the Guidelines' range at sentencing was 100–125 months). Six of those criminal history points stemmed from two marijuana offenses dating from the 1990s. Their recent reduction to misdemeanors reduces their value for his criminal history score from three to two, per misdemeanor. In addition, one of the convictions exceeded ten years in age at the time of sentencing, so had it been reduced at the time of sentencing, it would have dropped off for purposes of the criminal history score. To repeat, the reduction did not occur until after sentencing. If it had occurred before sentencing, his total criminal history at that time would have been eight and the Guidelines range would be 84–105 months.

The prior denial of compassionate release concerned public safety, an issue which Mr. Johnson has materially addressed. To that point, Mr. Johnson has provided new information about work during his time in custody. Mr. Johnson spent one year working outside the institution, which caused the BOP to reduce his custody level. He has been working in the UNICOR recycling program and building employment skills, including a forklift driver certification, classes in electrical work, and carpentry. He has also taken various classes geared at substance abuse and anger management. These post-sentencing considerations weigh on the extraordinary and compelling circumstances, which here justify release.

Mr. Johnson's partner, adult son, and aunt reside in Oklahoma. The grant of compassionate release is conditioned upon his living in Oklahoma upon release. Extraordinary and compelling reasons support his compassionate release, which is now **GRANTED**.

Mr. Johnson shall be released immediately. The judgment in this case is hereby modified so that Mr. Johnson's conditions of release shall include these additional conditions of supervised release:

1. You must reside in Oklahoma at the residence previously-approved by the probation department.

2. You must not be in the vicinity of California, and specifically you must not be in the vicinity of East Palo Alto, California, unless otherwise approved by the probation office in advance.

3. You must provide the probation officer with proof of COVID-19 vaccination record card within 21 days of arrival in Oklahoma.

**IT IS SO ORDERED.**

Dated: April 22, 2021.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE